Tucker, Richard T., J.
This is a civil action commenced by Winston Builders Corp. (“Winston”) who sued the Town of Holiiston (“Holiiston”) for payment for construction services rendered. To this action, Holiiston brought a counterclaim against Winston and against the counterclaim defendant Bouchard Painting, Inc. (“Bouchard”) alleging that on or about September 21, 2005, Winston’s subcontractor Bouchard, caused contamination to a Holiiston water well due to the negligent manner in which Bouchard performed painting services and its negligent allowance of vapors to escape and enter the water supply. At issue currently is Hollistoris request for documents served upon Bouchard relating to an inspection of this occurrence performed by Rich Bell of Ambrose Environmental Management, Inc.
Rich Bell and Ambrose Environmental, Inc. had been retained by Acadia Insurance Company, the insurer of Bouchard, to inspect and report as to the occurrence. Hollistoris request for production of documents seeks production of, among other things, the report of the inspection and/or investigation of Rich Bell of the occurrence, documents produced in regard to the inspection, correspondence and other related documents. To this request, Bouchard raised general objections as well as objections raising the privileges of “work product,” “attorney client” and “documents created in anticipation of litigation or trial,” as those terms are used in Mass.R.Civ.P. 26.
Upon receipt of the objections of counsel for Bouchard to the discovery sought, Hollistoris attorney sent a letter to opposing counsel dated October 15, 2008 in which he noted Bouchard’s resistance to the discovery. Counsel for Holiiston stated that “Holiiston elects to avoid a discovery dispute and will seek production directly from the third parties involved.” To this letter counsel for Holiiston received no response. Thereafter, counsel for Holiiston served upon Rich Bell and Ambrose Environmental Management, Inc. a subpoena duces tecum in which he sought the documents that had been requested under the original request for documents served upon Bouchard. A copy of the subpoena for documents was served upon counsel for Bouchard. Bouchard raised no further objection to the subpoena duces tecum until after Rich Bell and Am-brose Management, Inc. had forwarded the requested documents to Hollistoris attorney under cover letter of October 21, 2008. These documents were received and reviewed by counsel for Holiiston.
Upon learning of the production and receipt of said documents, counsel for Bouchard filed the instant motions for a Protective Order and Impoundment of said documents and, after an initial hearing, it was agreed that the documents produced would be forwarded to the court for its in camera review, after which a hearing on Bouchard’s motions would be had. Said documents were forwarded to the court and on December 30, 2008, a hearing was heard upon *120 Bouchard’s Motion for a Protective Order pertaining to the Rich Bell documents, impoundment of said documents and for costs.
Bouchard argued in its motion papers and by its counsel at hearing that “nothing in these rules permits a party seeking discovery who is frustrated with the claim of privilege under Mass.R.Civ.P. 26 to simply serve a subpoena under Rule 45 in the absence of prior court order.” Bouchard argues that Rich Bell, being a “consultant” of Acadia Insurance Company, and therefore Bouchard, the documents prepared by him are protected as trial preparation materials under Rule 25(b)(3) and that Holliston may only discover the same “upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” The predicate to this rule of course is that the documents or materials be “prepared in anticipation of litigation or for trial.” Rich Bell or his employer Ambrose Environmental, Inc. did not think that the documents were privileged as they provided the same without hesitation. This court has reviewed said documents in camera and finds that none of the documents concern, relate or refer to litigation and do not contain “the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.” Therefore, the court is of the opinion that under Rule 26(b)(3) the documents in issue are discoverable.
Bouchard also seems to claim that Rich Bell might be considered an expert and that under Rule 26(b)(4) expert discovery is limited to Answers to Interrogatories absent a court order permitting further discovery by other means. Bouchard has not in any manner designated Rich Bell as an expert, he having been retained by Acadia Insurance Company to inspect the occurrence for which an insurance claim was being made. As such this court does not conclude that Rich Bell is the expert of Bouchard and entitled to the limitations of discovery of expert materials under Rule 26(b)(4).
ORDER
For the above stated reasons, the court DENIES the Motion of Counterclaim Defendant Bouchard Painting, Inc. for a Protective Order as to Discovery Pertaining to Rich Bell. In regard to the Impoundment of Documents it was agreed at the hearing on the motions that the attorney for Holliston would not further view or copy the documents in issue or the documents received from Rich Bell and that the court would continue to keep its set of documents in its possession impounded until such time as Bouchard decides whether it wished to appeal this ruling. Thus these documents will remain impounded in the court’s file and counsel for Holliston is ORDERED to retain said documents in a sealed envelope and not view or copy them for twenty-one days (21) following this order at which time Bouchard shall inform the court whether the impoundment should continue during such time as it appeals this order or whether, instead, the im-poundment shall be lifted and the court shall return its set of documents to Holliston’s legal counsel who shall thereupon provide a copy of said documents to counsel for Winston and counsel for Bouchard. Bouchard’s Motion for Costs is DENIED.